# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LBF TRAVEL MANAGEMENT CORP. and MICHAEL THOMAS,<br><br>Plaintiffs,<br><br>v.<br><br>THOMAS DEROSA,<br><br>Defendant. | Case No.: 20-cv-2404-MMA (AGS)<br><br>**ORDER GRANTING THIRD PARTY DEFENDANTS' MOTION TO DISMISS**<br><br>[Doc. No. 25] |
| THOMAS DEROSA,<br><br>Counter Claimant,<br><br>v.<br><br>LBF TRAVEL MANAGEMENT CORP. and MICHAEL THOMAS,<br><br>Counter Defendants. | |
| THOMAS DEROSA,<br><br>Third-party Plaintiff,<br><br>v.<br><br>LBF TRAVEL, INC.; MONDEE HOLDINGS, LLC; MONDEE, INC.; and PRASAD GUNDUMOGULA<br><br>Third-party Defendants. | |

Defendant, Counter Claimant, and Third-party Plaintiff Thomas DeRosa ("DeRosa") brings this contract dispute—arising from an employment relationship—against Plaintiffs and Counter Defendants LBF Travel Management Corp. ("LBF Management") and Michael Thomas ("Thomas") (collectively "Counter Defendants") and Third-party Defendants LBF Travel, Inc. ("LBF Inc."), Mondee Holdings, LLC ("Mondee Holdings"), Mondee, Inc., and Prasad Gundumogula ("Gundumogula") (collectively, "Third-party Defendants"). *See* Doc. No. 13 ¶ 1 ("TP Compl."). Third-party Defendants Mondee Holdings, LLC, Mondee, Inc., and Gundumogula (collectively, the "Mondee Defendants") move to dismiss the sixth and seventh causes of actions alleged against them in Third-party Plaintiff DeRosa's Third-party Complaint. *See* Doc. No. 25 at 2.[1] DeRosa filed an opposition to Mondee Defendants' motion, and Mondee Defendants replied. *See* Doc. Nos. 26, 28. The Court found the matter suitable for determination on the papers and without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1.d.1. *See* Doc. No. 29. For the reasons set forth below, the Court **GRANTS** Mondee Defendants' motion to dismiss.

## I. B<span style="font-variant:small-caps">ackground</span>[2]

Mondee Defendants' motion originates from an employment relationship between DeRosa, Thomas, and LBF Inc. *See* TP Compl. ¶¶ 1, 2. Mondee Defendants inserted themselves into the relationship by purchasing LBF Inc. *See id.* ¶¶ 4, 17.

Thomas is LBF Inc.'s Chief Executive Officer and majority shareholder. *Id.* ¶¶ 8, 17. DeRosa is a computer programmer. *Id.* ¶ 6. DeRosa "developed the code that is the backbone for travel amalgamation websites, like Travelocity and Expedia." *Id.* In 2010, DeRosa sold the code to LBF Inc. *Id.* In exchange, DeRosa was supposed to receive

---

[1] All citations to electronically filed documents refer to the pagination assigned by the CM/ECF system.

[2] Because this matter is before the Court on a motion to dismiss, the Court must accept as true the allegations set forth in the Third-party Complaint. *See Hosp. Bldg. Co. v. Trs. Of Rex Hosp.*, 425 U.S. 738, 740 (1976).

guaranteed monthly payments, contingent quarterly payments, and a 10% ownership interest in LBF Inc. *Id.* ¶ 7. An asset purchase agreement ("APA") commemorated the exchange. *See id.* ¶¶ 6, 7. DeRosa alleges Thomas "missed monthly payments." *Id.* ¶ 8. Even though Thomas "made myriad promises to Mr. DeRosa to rectify the unpaid money . . . it became apparent that Mr. Thomas would not [follow through]." *Id.* ¶ 9.

Contemporaneous to the APA, DeRosa and LBF Inc. executed a consulting agreement ("Consulting Agreement"). *Id.* ¶ 10. Under the Consulting Agreement, DeRosa became LBF Inc.'s Chief Technology Officer. *Id.* In exchange, DeRosa was supposed to receive payments "in addition to any money owed . . . under the APA." *Id.* DeRosa alleges, "[l]ike the payments owed under the APA, Mr. Thomas would routinely promise to make up for missed payments." *Id.* ¶ 12. Yet, "Thomas [has] never made good on any payments under the Consulting Agreement." *Id.*

Several years later, Thomas began shopping LBF Inc. to potential buyers. *See id.* ¶¶ 17, 18. DeRosa alleges, "[i]n 2018 . . . Thomas had represented or caused to be represented to others in writing that LBF [Inc.] possessed a fair market value of $80 to $100 million." *Id.* ¶ 17. DeRosa further alleges that at the end of 2018 or in early 2019, Thomas negotiated a potential merger that valued LBF Inc. over $250 million. *Id.* ¶ 18.

In the summer 2019, DeRosa learned that Thomas intended to sell LBF Inc. to Mondee Defendants. *Id.* ¶ 17. In late 2019, Thomas, Mondee Defendants, and DeRosa began to meet with each other. *Id.* ¶ 23. The meetings focused on "paying Mr. DeRosa for the value of his LBF [Inc.] shares." *Id.* DeRosa alleges that, in at least one of the meetings, "[a]ll Defendants falsely represented to Mr. DeRosa the sale price of LBF [Inc.'s] assets to Mondee [Defendants]," and, "[a]ll Defendants engaged in a cover up of [the true sale price]." *Id.* ¶¶ 86, 87. DeRosa also alleges, "Thomas received more payout for the sale of LBF[ Inc.'s] assets than reported," yet admits he "does not know the terms of the de facto merger of LBF [Inc.] into Mondee [Defendants], or any statement of price." *Id.* ¶¶ 74, 182.

DeRosa alleges that the misrepresentation was intended "to deceive" and "to force [him] to sign a settlement agreement that would give him far less than he was owed." *Id.* ¶¶ 24, 91. Nonetheless, DeRosa declined to sign any agreement. *Id.* ¶ 24.

On December 13, 2019, Thomas terminated DeRosa from LBF Inc. *Id.* ¶ 25. DeRosa alleges his termination was "[i]n response to [his] inquiries, whistleblowing, and uncovering of Mr. Thomas's and LBF[ Inc.'s] defrauding of its shareholders." *Id.* Despite the alleged fraud, "[o]n January 10, 2020, Mr. DeRosa . . . purchas[ed] an additional 200,000 shares of LBF [Inc.] stock," which increased DeRosa's interest in LBF Inc. from 10% to 30%. *Id.* ¶ 20.

On December 9, 2020, Thomas and LBF Management brought eleven causes of action against DeRosa. *See* Doc. No. 1. In response, DeRosa filed a Counterclaim and Third-party Complaint against Thomas, LBF Management, LBF Inc., and Mondee Defendants. *See* TP Compl.

DeRosa brings twenty causes of action in his Counterclaim and Third-party Complaint: (1) breach of contract against Thomas and LBF Inc.; (2) breach of contract against Thomas and LBF Inc.; (3) breach of oral contract against Thomas and LBF Inc.; (4) breach of fiduciary duties against "all defendants"; (5) conversion against "all defendants"; (6) negligent misrepresentation against "all defendants"; (7) intentional misrepresentation against "all defendants"; (8) failure to pay wages against Thomas and LBF Inc.; (9) failure to pay all wages due at termination against Thomas and LBF Inc.; (10) failure to pay overtime against Thomas and LBF Inc.; (11) failure to provide breaks against Thomas and LBF Inc.; (12) failure to provide wage statements against Thomas and LBF Inc.; (13) failure to allow inspection of records against Thomas and LBF Inc.; (14) unfair business practices against "all defendants"; (15) retaliation in violation of public policy against LBF Inc.; (16) harassment against Thomas and LBF Inc.; (17) retaliation against LBF Inc.; (18) discrimination against Thomas and LBF Inc.; (19) accounting against Thomas and LBF Inc.; and (20) "violation of Cal. Corp. Code §§ 1300, et seq." against "defendants." *See* TP Compl. ¶¶ 45–187. Third-party Mondee

Defendants move to dismiss the sixth and seventh causes of action under Rule 12(b)(6) and Rule 9(b). *See* Doc. No. 25 at 2; Doc. No. 25-1 at 7, 17.

## II. LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, plaintiffs must also plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 12(b)(6). The plausibility standard demands more than a "formulaic recitation of the elements of a cause of action," or "'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557). Instead, the complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In reviewing a motion to dismiss under Rule 12(b)(6), courts must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996) (citing *Nat'l Wildlife Fed'n v. Espy*, 45 F.3d 1337, 1340 (9th Cir. 1995)). The court need not take legal conclusions as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987) (quoting *W. Min. Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

In determining the propriety of a Rule 12(b)(6) dismissal, courts generally may not look beyond the complaint for additional facts. *See United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a

5

20-cv-2404-MMA (AGS)

motion for summary judgment." *Id.* at 908; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002). "However, [courts] are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295–96 (9th Cir. 1998) (citing *In re Stac Electronics Securities Litigation*, 89 F.3d 1399, 1403 (9th Cir. 1996)).

Additionally, allegations of fraud or mistake require the pleading party to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The context surrounding the fraud must "be 'specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.'" *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting *Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001)). "'Averments of fraud must be accompanied by "the who, what, when, where, and how" of the misconduct charged.' A party alleging fraud must 'set forth more than the neutral facts necessary to identify the transaction.'" *Kearns*, 567 F.3d at 1124 (citation omitted) (first quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003); and then quoting *In re GlenFed, Inc. Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994), *superseded by statute on other grounds*).

Where dismissal is appropriate, a court should grant leave to amend unless the plaintiff could not possibly cure the defects in the pleading. *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)).

### III. D<small>ISCUSSION</small>

Mondee Defendants challenge DeRosa's sixth and seventh causes of action. *See* Doc. No. 25 at 2. The Court assesses whether DeRosa satisfies Rule 9(b)'s particularity requirement and whether DeRosa states viable claims for relief.

**A. The Rule 9(b) Heightened Pleading Standard**

Mondee Defendants argue that DeRosa fails to plead with particularity as required by Rule 9(b). *See* Doc. No. 25-1 at 15–17; *see also* Doc. No. 28 at 12. Specifically, Mondee Defendants contend that DeRosa's pleadings are "conclusory" and "impermissibly lump[] all of the Defendants together." *See* Doc. No. 25-1 at 15, 16; *see also* Doc. No. 28 at 12. DeRosa does not specifically address Mondee Defendants' argument.

The Ninth Circuit has not clarified whether Rule 9(b) applies to negligent misrepresentation claims. *Compare Kelley v. Rambus, Inc.*, 384 F. App'x 570, 573 (9th Cir. 2010) (affirming a dismissal of a negligent misrepresentation claim because it failed to meet Rule 9(b) requirements), *with Miller v. Int'l Bus. Mach. Corp.*, 138 F. App'x 12, 17 (9th Cir. 2005) (reversing a district court's dismissal of a negligent misrepresentation claim because it satisfied Rule 8(a) and was "not a fraud claim."). However, this Court has consistently applied Rule 9(b) to negligent misrepresentation claims. *See City of Escondido v. Gen. Reinsurance Corp.*, No. 19-cv-868-MMA (BGS), 2019 WL 6917983, at *10 (S.D. Cal. Dec. 18, 2019); *Bell v. Fed. Home Loan Mortg. Corp.*, No. 11-cv-2514-MMA (RBB), 2012 WL 1581075, at *4 n.5 (S.D. Cal. May 4, 2012). More importantly, however, the Court finds Rule 9(b) applies because DeRosa alleges that Mondee Defendants engaged in a "a unified course of fraudulent conduct." *Vess*, 317 F.3d at 1103; *see also Stewart v. Kodiak Cakes, LLC*, No. 19-cv-2454-MMA (MSB), 2021 WL 1698695, at *13 (S.D. Cal. Apr. 29, 2021) (stating that where fraud is not a necessary element of a claim, a plaintiff may still opt to allege fraudulent conduct). Regardless of whether a negligent misrepresentation claim must meet Rule 9(b)'s requirement, DeRosa weaves fraud allegations throughout his Third-party Complaint, including his negligent misrepresentation claim. *See* ¶¶ 88, 93; *see also* ¶¶ 72, 78, 81, 95, 101. Therefore, the Court applies Rule 9(b) to the negligent misrepresentation claim as well as the intentional misrepresentation claim.

DeRosa alleges that the "who" was "[a]ll Defendants," which includes Mondee Defendants. *See id.* ¶¶ 86, 87, 95, 96. Mondee Defendants argue, "DeRosa has

7

20-cv-2404-MMA (AGS)

impermissibly lumped all of the Defendants together without identifying the role of each defendant . . . in the alleged fraudulent scheme." Doc. No. 25-1 at 16. However, "[a]ll Defendants falsely represented . . . the sale price" means that Mondee Defendants, Thomas, LBF Inc., and LBF Management each misrepresented the sale price; thus, DeRosa identifies Mondee Defendants' role in the alleged fraud. TP Compl. ¶ 86. Further, "[w]here fraud has allegedly been perpetrated by a corporation . . . plaintiffs must allege the names of the employees or agents who purportedly made the fraudulent representations." *UMG Recordings, Inc. v. Global Eagle Ent., Inc.*, 117 F. Supp. 3d 1092, 1108 (C.D. Cal. June 22, 2015). DeRosa alleges Gundumogula was present and participating when the alleged misrepresentation took place. *See* TP Compl. ¶¶ 23, 86, 95. Moreover, DeRosa alleges Gundumogula was either an employee or agent of both Mondee, Inc. and Mondee Holdings. *See id.* ¶¶ 40, 41, 43. Such allegations sufficiently identify Gundumogula was acting on each corporations' behalf.

DeRosa fails to allege the "what." In *Swartz*, the plaintiff's complaint was sufficient because it "included several allegations *detailing the . . . content of representations*." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (emphasis added). *Kearns* demonstrates the opposite. *See* 567 F.3d at 1126. In *Kearns*, the plaintiff alleged that a defendant's television ads and other sales material misrepresented the value of their Certified Pre-Owned vehicles. *Id.* at 1125–26. The plaintiff's complaint was insufficient because it did not "specify what the television advertisements or other sales material specifically stated." *Id.* at 1126. Here, DeRosa alleges, "Defendants falsely represented . . . the sale price," but DeRosa does not specify the represented sale price. TP Compl. ¶ 86. DeRosa's complaint is analogous to *Kearns* and lacks the representation's specific content. *See* 567 F.3d at 1126. Consequently, DeRosa does not allege the "what."[3]

---

[3] DeRosa appears to argue that he pleads an omission by alleging that Thomas and Mondee Defendants failed to disclose the actual sale price. *See* Doc. No. 26 at 8. Some cases suggest, "[w]here a fraudulent

DeRosa alleges that the "when" is December 2019. *See* TP Compl. ¶ 86. DeRosa further avers the "where" is "the December 2019 meeting" with Mondee Defendants and Thomas. *See id.* ¶¶ 23, 86. The Third-party Complaint explains "how" the representation was false: the represented sale price was lower than the actual sale price. *See id.* ¶¶ 24, 74, 86, 87, 95, 96.

In sum, the Court finds that DeRosa has failed to meet the particularity requirement of Rule 9(b). Accordingly, the Court **GRANTS** Mondee Defendants' motion and dismisses both claims. The Court now turns to whether DeRosa states viable claims for relief regardless of the Third-party Complaint's defects under Rule 9(b).

**B. Negligent & Intentional Misrepresentation – Sixth & Seventh Causes of Action**

Mondee Defendants argue that DeRosa's negligent and intentional misrepresentation claims are not plausible and DeRosa fails to plead the requisite elements. *See* Doc. No. 25-1 at 10–11; *see also* Doc. No. 28 at 7, 8. Specifically, Mondee Defendants attack three elements common to both claims: false representation or omission, actual reliance, and damages. *See* Doc. No. 25-1 at 12–15; *see also* Doc. No. 28 at 7–12. DeRosa generally argues that the Third-party Complaint contains plausible grounds for relief. *See* Doc. No. 26 at 4–9.[4] DeRosa attaches a proposed amended

---

omission is at issue, the requirements of Rule 9(b) are relaxed, but not eliminated." *UMG Recordings, Inc.*, 117 F. Supp. 3d at 1107 (citing *Waldrup v. Countrywide Fin. Corp.*, No. 2:13-cv-08833-CAS (CWx), 2014 WL 3715131, at *5 (C.D. Cal. July 23, 2014)). Rule 9(b) is relaxed for omissions because a plaintiff pleading a fraudulent omission cannot meet Rule 9(b)'s "specific content" requirement. *See In re Apple & AT & TM Antitrust Litig.*, 596 F. Supp. 2d 1288, 1310 (N.D. Cal. 2008) (quoting *Falk v. Gen. Motors Corp.*, 496 F. Supp. 2d 1088, 1099 (N.D. Cal. 2007)). Here, DeRosa can meet Rule 9(b)'s "specific content" requirement because he alleges the sale price was misrepresented directly to him in the December 2019 meeting. *See* TP Compl. ¶¶ 86, 95. Thus, the Court does not relax Rule 9(b)'s requirements.

[4] The Court declines to apply the outdated and abrogated *Conley* "no set of facts" pleading standard relied upon by DeRosa. *Compare* Doc. No. 26 at 3, *with Twombly*, 550 U.S. at 562–53, *Henry v. Adventist Health Castle Med. Ctr.*, 970 F.3d 1126, 1132 (9th Cir. 2020), *and Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 n.6 (9th Cir. 2011).

counterclaim and third-party complaint to his opposition brief. *See* Doc. No. 26-2 at 2–42.[5]

Under California law, the elements required to prove negligent misrepresentation are "(1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage." *Apollo Cap. Fund, LLC v. Roth Cap. Partners, LLC*, 70 Cal. Rptr. 3d 199, 213 (Cal. Ct. App. 2007) (citing *Shamsian v. Atl. Richfield Co.*, 132 Cal. Rptr. 2d 635, 647 (Cal. Ct. App. 2003)). The elements required to prove intentional misrepresentation are "(1) a misrepresentation, (2) knowledge of falsity, (3) intent to induce reliance, (4) actual and justifiable reliance, and (5) resulting damage." *Chapman v. Skype Inc.*, 162 Cal. Rptr. 3d 864, 875 (Cal. Ct. App. 2013) (first citing *Lazar v. Superior Ct.*, 909 P.2d 981, 984 (Cal. 1996); and then citing *Mirkin v. Wasserman*, 858 P.2d 568, 570 & 570 n.2 (Cal. 1993)).

The elements required for each claim significantly overlap. In challenging the misrepresentation, reliance, and damage elements, Mondee Defendants apparently concede that the second and third elements of each claim are adequately pleaded. *See* Doc. No. 25-1 at 13–15. The Court agrees that these elements have been adequately pleaded. Therefore, the Court is left to analyze whether DeRosa has adequately pleaded a misrepresentation, justified reliance, and damages.

DeRosa alleges, in conclusory fashion, "[a]ll Defendants falsely misrepresented to Mr. DeRosa the sale price of LBF[ Inc.'s] assets." TP Compl. ¶ 86. However, DeRosa pleads additional factual content. First, DeRosa alleges Thomas and Mondee Defendants

---

[5] DeRosa has attached the proposed pleading to address any deficiencies in his operative Third-party Complaint. *See* Resendes Decl., Doc. No. 26-1 ¶ 2. The Court does not and cannot consider this proposed pleading on ruling on the instant motion to dismiss because the Court is limited to the allegations of the operative pleading. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (citing *Lee*, 250 F.3d at 688).

10

were trying to buy DeRosa's ownership interest in LBF Inc. *See id.* ¶ 23. Second, Thomas and Mondee Defendants "tried to force Mr. DeRosa to sign a settlement agreement that would give him far less than he was owed." *Id.* ¶ 24. Third, "Thomas received more payout for the sale of LBF[ Inc.'s] assets than reported." *Id.* ¶ 74. DeRosa's statements describe a scenario where LBF Inc.'s sale price would certainly be discussed. DeRosa continues by illustrating Thomas's and Mondee Defendants' coercive and deceptive business practices. Thomas and Mondee Defendants wanted to buy DeRosa's interest in LBF Inc. at the lowest possible price. To do so, DeRosa alleges that Thomas and Mondee Defendants represented LBF Inc.'s sale price as lower than the actual price. *See id.* ¶¶ 17, 24, 95. Assuming the truth of all factual allegations in the light most favorable to the nonmoving party, *Cahill*, 80 F.3d at 337–38 (citing *Nat'l Wildlife Fed'n*, 45 F.3d at 1340), the Court finds DeRosa pleads a plausible misrepresentation.

Attacking the plausibility of the alleged misrepresentation, Mondee Defendants point to an undercutting allegation: "DeRosa does not know the terms of the de facto merger . . . or any statement of price." Doc. No. 25-1 at 11, 13 (quoting TP Compl. ¶ 182). Mondee Defendants argue that if DeRosa does not know the actual sale price, it is implausible that there was a misrepresentation. *See* Doc. No. 25-1 at 11–12, 13; *see also* Doc. No. 28 at 7. Mondee Defendants' argument is unavailing. Mondee Defendants' argument would prevail if DeRosa were completely clueless as to the actual sale price; however, DeRosa alleges that Thomas valued LBF Inc. at no less than $80 million. *See* TP Compl. ¶¶ 17, 18, 185. Taking his allegations in the light most favorable to him, the Court infers that DeRosa knew LBF Inc.'s minimum sale price. DeRosa had a baseline to compare the represented sale price: he does not blindly allege misrepresentation. *See id.* ¶ 17 (stating that DeRosa was "working off of" the minimum sale price). DeRosa does not know the exact truth, but he has enough information to assess whether he was being misled. DeRosa's knowledge nudges his allegation from

possible to plausible—even if he did not know the actual terms of the merger. Therefore, DeRosa sufficiently pleads misrepresentation.[6]

Nonetheless, DeRosa fails to allege justified reliance and damages. "Reliance exists when the misrepresentation . . . was an immediate cause of the plaintiff's conduct . . . and when without such misrepresentation . . . he or she would not, in all reasonable probability, have entered into the contract or other transaction." *Alliance Mortg. Co. v. Rothwell*, 900 P.2d 601, 608–09 (Cal. 1995) (citing *Spinks v. Clark*, 82 P. 45, 47 (Cal. 1905)). In conclusory fashion, DeRosa alleges, he "justifiably relied on those false statements." TP Compl. ¶¶ 91, 99. DeRosa fails to show how the misrepresentation influenced his conduct. DeRosa alleges the misrepresentation was intended to induce him to sell his interest in LBF Inc. *See id.* ¶ 86. However, "DeRosa refused to sign." *Id.* ¶ 24. Thus, DeRosa alleges that he did not rely upon the alleged misrepresentation. DeRosa argues that the alleged misrepresentation caused him to hire counsel. *See* Doc. No. 26 at 6. Hiring counsel cannot demonstrate reliance. *Robinson v. Wells Fargo Home Mortg.*, No. 16-CV-01619-YGR, 2016 WL 6524403, at *7 (N.D. Cal.

---

[6] DeRosa appears to argue that he pleads an omission by alleging that Thomas and Mondee Defendants failed to disclose the actual sale price. *See* Doc. No. 26 at 8. This argument is unavailing. An actionable omission is "[t]he suppression of a fact, by one who is bound to disclose it, or who gives *information of other facts* which are likely to mislead for want of communication of that fact." Cal. Civ. Code § 1710(3) (emphasis added). Mondee Defendants were not bound to disclose the actual sale price because DeRosa did not sign the agreement. *See* TP Compl. ¶ 24. Additionally, Mondee Defendants allegedly told an outright misrepresentation; they did not provide "information of other facts." Cal. Civ. Code § 1710(3). Thus, DeRosa failed to allege an actionable omission. Even if DeRosa did allege an actionable omission, he fails to state the correct claim against Mondee Defendants. The misrepresentation element in negligent and intentional misrepresentation is not satisfied by an omission. *See Apollo Cap. Fund, LLC*, 70 Cal. Rptr. 3d at 213 (first citing *Residential Capital v. Cal–Western Reconveyance Corp.*, 134 Cal. Rptr. 2d 162, 178 (Cal. Ct. App 2003); and then citing *Shamsian*, 132 Cal. Rptr. 2d at 648). An omission is better suited for a concealment claim. *See* 5 Witkin *Torts* § 883 (11th ed. 2021).

Nov. 3, 2016) ("If the hiring of an attorney and the filing of a lawsuit were sufficient to demonstrate reliance in an action for fraud, then any plaintiff could readily meet such requirement simply by initiating litigation."). Lastly, "[o]n January 10, 2020, Mr. DeRosa exercised his option rights . . . purchasing an additional 200,000 shares of LBF [Inc.] stock." TP Compl. ¶ 20. DeRosa fails to explain how the misrepresentation influenced his decision to purchase additional stock. Accordingly, DeRosa fails to show justified reliance.

As to the damages element, damages are present only if reliance causes the damage. *Hill v. Wrather*, 323 P.2d 567, 570 (Cal. Ct. App. 1958) ("A pleading setting up fraud must show . . . damage to the [plaintiff] resulting from such reliance."); 5 Witkin *Torts* § 938 (11th ed. 2021) ("The final element in actionable fraud is damage resulting from reliance on the misrepresentation."). DeRosa argues he was damaged in several ways: paying his attorney, losing his job, and failing to receive payment from Mondee Defendants. *See* Doc. No. 26 at 7. The Court has already explained that DeRosa failed to show reliance. Therefore, DeRosa cannot show damages either. DeRosa's attorneys' fees argument remains unavailing. *See Hynix Semiconductor Inc. v. Rambus, Inc.*, 527 F. Supp. 2d 1084, 1099 (N.D. Cal. 2007) (finding that attorneys' fees are not recoverable as compensatory damages in a fraud claim). Consequently, DeRosa has failed to show damages stemming from the price misrepresentation.

In sum, the Court finds that DeRosa fails to state his negligent misrepresentation and intentional misrepresentation claims. Accordingly, the Court **GRANTS** Mondee Defendants' motion and dismisses both claims.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Mondee Defendants' motion to dismiss. Although DeRosa has failed to adequately plead his claims against Mondee Defendants, it is not clear that he would be unable to do so if given leave to amend. Accordingly, dismissal is without prejudice and with leave to amend. *See*

*Knappenberger*, 566 F.3d at 942.  Third-party Plaintiff DeRosa must file an amended third-party complaint curing the deficiencies noted herein on or before **July 12, 2021**.

**IT IS SO ORDERED**.

Dated: June 25, 2021

*[signature]*

Hon. Michael M. Anello

United States District Judge