UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LBF TRAVEL MANAGEMENT CORP. and MICHAEL THOMAS,<br><br>          Plaintiffs,<br><br>v.<br><br>THOMAS DEROSA,<br><br>          Defendant. | Case No.: 20-cv-2404-MMA (AGS)<br><br>**NOTICE AND ORDER PROVIDING TENTATIVE RULINGS RE: MOTION TO DISMISS AND MOTION TO STRIKE AND NOTICE OF JOINDER**<br><br>[Doc. Nos. 80, 81] |
| THOMAS DEROSA,<br><br>          Counter-Claimant,<br><br>v.<br><br>LBF TRAVEL MANAGEMENT CORP. and MICHAEL THOMAS,<br><br>          Counter-Defendants. | |
| THOMAS DEROSA,<br><br>          Third-Party Plaintiff,<br><br>v.<br><br>LBF TRAVEL, INC.; LBF TRAVEL HOLDINGS, LLC; MONDEE HOLDINGS, LLC; MONDEE, INC.; and PRASAD GUNDUMOGULA<br><br>          Third-Party Defendants. | |

On August 15, 2022, the parties in this action will appear before the Court for a hearing on Third-Party Defendants' motion to dismiss and motion to strike, along with Counter-Defendants' notice of joinder. *See* Doc. Nos. 80, 81. In anticipation of the hearing, the Court issues the following tentative rulings:

## MOTION TO STRIKE

1. The Court tentatively **DENIES** the motion to strike Claims 7, 9, and 12–14 as procedurally improper. The Court tentatively finds that amendment is timely and that the Court's prior order, *see* Doc. No. 52, did not limit amendment to existing claims.

2. The Court tentatively **GRANTS** the motion strike Claim 9 as waived under *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012).

## MOTION TO DISMISS

1. The Court tentatively finds that Counter-Defendants' request to dismiss Claims 2 and 4 is not properly raised in a noticed motion to dismiss. Nonetheless, the Court tentatively **DENIES** the request to dismiss Claims 2 and 4. The Court tentatively finds that California's "not – a – stranger" principle is in flux and its application in this case is not appropriate for resolution at the motion to dismiss stage. *See Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1127 (9th Cir. 2014). Similarly, the Court tentatively finds that the applicability of the manager's privilege under California law is an argument better suited to summary judgment.

2. The Court tentatively **GRANTS** the motion to dismiss Claim 6 only as to the "usurping a corporate opportunity" theory and tentatively **DENIES** the motion to dismiss Claim 6 as to the remaining theories. As to the "usurping a corporate opportunity" theory, the Court tentatively finds any "usurped corporate opportunity" belongs to LBF Travel Management Corp. and not DeRosa as an individual. As to DeRosa's remaining theories, the Court tentatively finds that, under California law, a party need not owe a plaintiff a duty before it can be held liable as an aider and abettor of a breach of fiduciary duty. *See Neilson v. Union Bank of California, N.A.*, 290 F. Supp. 2d 1101, 1133–34 (C.D. Cal. 2003). Additionally, the Court tentatively finds that

DeRosa does not need to allege an underlying cause of action for concealment in order to state a claim for aiding and abetting a breach of fiduciary duty.

3. The Court tentatively **GRANTS** the motion to dismiss Claim 12. The Court tentatively finds that DeRosa fails to allege facts that rise to the level of "extreme and outrageous" conduct under California law. *See Hughes v. Pair*, 209 P.3d 963, 976 (Cal. 2009).

4. The Court tentatively **GRANTS** the motion to dismiss Claim 13. The Court tentatively finds that, under California law, "a conspiracy claim may not be asserted against one who did not owe the injured party a duty[,]" *Neilson*, 290 F. Supp. at 1127 (citations omitted), and that the claim therefore fails because DeRosa does not allege Third-Party Defendants owed him any duty.

5. The Court tentatively **DENIES** the motion to dismiss Claim 7. The Court tentatively finds that DeRosa adequately alleges property interests that can serve as the basis for a fraudulent conveyance claim under California law. Additionally, the Court tentatively finds that DeRosa sufficiently pleads wrongful conduct.

6. The Court tentatively **DENIES AS MOOT** the motion to dismiss Claim 9 in light of the tentative ruling on the motion to strike.

7. The Court tentatively **DENIES** the motion to dismiss Claim 11. The Court tentatively finds the argument that the claim fails because it is derivative of DeRosa's prior failed claims unpersuasive given that claims tentatively survive as to Thomas (Claims 1–5, 7, 8, and 10), Mondee Inc. (Claims 6 and 7), Mondee LLC (Claims 6 and 7), and LBF Travel, Inc. (Claim 7).

8. The Court tentatively **DENIES** the motion to dismiss Claim 14. The Court tentatively finds that the law is unsettled as to whether unjust enrichment is a standalone cause of action and therefore tentatively rejects Third-Party Defendants' argument at this time. However, the Court tentatively finds that this particular ruling should be without prejudice to raising the issue at a later stage of the litigation. For that reason, the Court tentatively declines to address the parties' remaining arguments regarding quasi-contract

and intentional misrepresentation as they too are more appropriately addressed at the merits stage.

The Court tentatively finds that dismissal should be **with prejudice** and therefore without leave to amend as to the following claims: Claim 6 to the extent it is premised on the "usurping a corporate opportunity" theory, Claim 12 in its entirety, and Claim 13 in its entirety.

As these rulings are tentative, the Court looks forward to the oral arguments of counsel.

**IT IS SO ORDERED**.

Dated: August 10, 2022

HON. MICHAEL M. ANELLO
United States District Judge