# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LBF TRAVEL MANAGEMENT CORP. and MICHAEL THOMAS,<br><br>Plaintiffs,<br><br>v.<br><br>THOMAS DEROSA,<br><br>Defendant. | Case No.: 20-cv-2404-MMA (JLB)<br><br>**ORDER:**<br><br>**(1) RESETTING HEARING; AND**<br><br>[Doc. Nos. 203, 204, 205, 208, 210, 211]<br><br>**(2) GRANTING MOTIONS TO FILE DOCUMENTS UNDER SEAL**<br><br>[Doc. Nos. 206, 221, 228, 231, 234] |
| THOMAS DEROSA,<br><br>Counter-Claimant,<br><br>v.<br><br>LBF TRAVEL MANAGEMENT CORP. and MICHAEL THOMAS,<br><br>Counter-Defendants. | |
| THOMAS DEROSA,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>LBF TRAVEL, INC.; LBF TRAVEL HOLDINGS, LLC; MONDEE HOLDINGS, LLC; MONDEE, INC.; and PRASAD GUNDUMOGULA<br><br>Third-Party Defendants. | |

Pending before the Court are the parties' cross-motions for summary judgment and *Daubert* motions. *See* Doc. Nos. 203–05, 208, 210, 211. Defendant and Counter-Claimant Thomas DeRosa ("DeRosa") also seeks to file evidence under seal. *See* Doc. Nos. 206, 221, 228, 231, 234. DeRosa's motions to seal are unopposed.[1]

When presented with a request to file a document under seal, the Court begins with the strong presumption in favor of the "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 n.7 (1978); *see also Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)). As such, the burden on a motion to seal falls squarely on the movant. *Kamakana*, 447 F.3d at 1176. The moving party can only overcome the presumption by "articulat[ing] compelling reasons supported by specific factual findings . . . that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* at 1178 (citations omitted) (internal quotation marks omitted). "In turn, the court must 'conscientiously balance[ ] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Nixon*, 435 U.S. at 599).

---

[1] In his motions to seal, DeRosa states that "[c]ounsel for Plaintiffs and the Third-Party Defendants objected to the public filing of these Exhibits, on the basis that these exhibits contain information that they maintain is confidential." Doc. Nos. 206-1 at 4; 221-1 at 4; 228-1 at 4; 231-1 at 4; 234-1 at 4.

Having reviewed the motions and respective documents, the Court finds that DeRosa has shown compelling reasons to file the documents under seal. As DeRosa explains in his motions to seal, the exhibits contain information—specifically, "financial information of a corporation" or "business or legal communications"— that has been designated confidential pursuant to the Stipulated Protective Order in this case, *see* Doc. No. 49, which the Court entered on September 28, 2021. *See, e.g.*, Doc. Nos. 206-1 at 3–4 (explaining why the motion to seal should be granted); 234-1 at 3–6 (explaining the same). And as this Court has previously recognized, confidential business materials may be properly sealed so as to prevent "improper use by competitors, 'circumvent[ing] the time and resources necessary in developing [the competitor's] own practices and strategies.'" *Baker v. Seaworld Entm't, Inc.*, No. 14cv2129-MMA (AGS), 2017 U.S. Dist. LEXIS 182897, at *17 (S.D. Cal. Nov. 3, 2017) (quoting *Algarin v. Maybelline, LLC*, No. 12cv3000 AJB (DHB), 2014 U.S. Dist. LEXIS 23882, at *9 (S.D. Cal. Feb. 21, 2014)). Accordingly, the Court **GRANTS** DeRosa's motions to file documents under seal and **DIRECTS** the Clerk of Court to file the following **UNDER SEAL**: 207, 222, 229, 232, and 235.

Additionally, upon review of the parties briefing on the cross-motions for summary judgment and motions to exclude expert testimony, the Court concludes oral argument would be beneficial to the Court. The Court **RESETS** the previously scheduled June 5, 2023 hearing as to all pending motions to **October 11, 2023** at 2:30 p.m. in Courtroom 3C. *See* Doc. Nos. 203–05, 208, 210, 211.

**IT IS SO ORDERED**.

Dated: May 31, 2023

HON. MICHAEL M. ANELLO
United States District Judge