# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LBF TRAVEL MANAGEMENT CORP. and MICHAEL THOMAS,<br><br>          Plaintiffs,<br><br>v.<br><br>THOMAS DEROSA,<br><br>          Defendant. | Case No.: 20-cv-2404-MMA-SBC<br><br>**ORDER AFFIRMING TENTATIVE RULINGS RE MOTION FOR CLARIFICATION & RESETTING MOTION IN LIMINE DEADLINE**<br><br>[Doc. No. 283] |
| THOMAS DEROSA,<br><br>          Counter-Claimant,<br><br>v.<br><br>LBF TRAVEL MANAGEMENT CORP. and MICHAEL THOMAS,<br><br>          Counter-Defendants. | |
| THOMAS DEROSA,<br><br>          Third-Party Plaintiff,<br><br>v.<br><br>LBF TRAVEL, INC.; LBF TRAVEL HOLDINGS, LLC; MONDEE HOLDINGS, LLC; MONDEE, INC.; and PRASAD GUNDUMOGULA,<br><br>          Third-Party Defendants. | |

On April 7, 2025, counsel for the parties appeared before the Court for a hearing on Defendant Thomas DeRosa's motion to clarify order on motions for summary judgment. Doc. No. 283. In anticipation of the hearing, the Court issued a tentative ruling on the motion. Doc. No. 288. At the conclusion of the hearing, the Court took the matter under submission. Doc. No. 290. Upon due consideration of Defendant's motion, Plaintiff's opposition, Third-Party Defendant's response, the parties' arguments at the hearing, and for the reasons set forth below, the Court **AFFIRMS** its tentative ruling.

## I. BACKGROUND

This action arises from the breakdown of a business relationship between Plaintiff Michael Thomas ("Thomas") and Defendant Thomas DeRosa ("DeRosa"). A highly detailed recitation of the facts can be found in the Court's Summary Judgment Order, Doc. No. 269, which the Court incorporates by reference. For the purpose of resolving the present motion for clarification, the Court provides the following abbreviated summary.

Thomas is the co-founder, CEO, and majority shareholder of Plaintiff LBF Travel Management Corp. ("Old LBF"). Doc. No. 269 at 2–3. Thomas is also the co-founder of Third-Party Defendant LBF Travel, Inc. ("New LBF"). *Id.* at 3.

DeRosa is a software developer who developed an e-commerce software for booking airfares online (the "Technology"), which he sold to Old LBF and thereafter continued working for Old LBF as a consultant. *Id.*

Third-Party Defendant entities include LBF Travel, Inc., LBF Travel Holdings, LLC, Mondee, Inc., and Mondee Holdings, LLC (collectively "Third-Party Defendants"). *Id.*; *see also* Doc. No. 13. Prasad Gundumogula ("Gundumogula") is the CEO of the Third-Party Defendant entities. Doc. No. 269 at 6.

In 2019, Thomas engaged Gundumogula and the Third-Party Defendant entities to purchase Old LBF, which included the Technology. *Id.* at 6–7. Shortly before the sale was executed, DeRosa stopped working for Old LBF. *Id.* Thomas claimed that when he left, DeRosa misappropriated the source code to the Technology. *Id.* Thereafter,

1  Gundumogula and the Third-Party Defendant entities purchased Old LBF's assets, but
2  DeRosa claimed that this did not include the Technology, which he alleged was licensed
3  by Thomas to New LBF in order to avoid paying him royalties. *Id.* at 3, 7.
4    Thomas and Old LBF first sued DeRosa, alleging that DeRosa breached contracts
5  and misappropriated trade secrets related to the Technology. *See* Doc. No. 1. DeRosa
6  then filed counterclaims and third-party claims, alleging that Thomas, Gundumogula, and
7  the Third-Party Defendant entities collaborated to gut Old LBF of its assets in an effort to
8  defraud and avoid paying DeRosa what he was owed. *See* Doc. Nos. 74, 269 at 3–4.
9    The parties filed their summary judgment motions on April 21, 2023. *See* Doc.
10 Nos. 204, 208, 210. Plaintiffs sought partial summary judgment on only their fifth cause
11 of action for breach of contract. *See* Doc. No. 204, 269 at 14. DeRosa cross-moved for
12 summary judgment, or in the alternative partial summary judgment, on all eleven of
13 Plaintiffs' causes of action in their Complaint: (1) misappropriation of trade secrets in
14 violation of the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. §§ 1831 et seq.;
15 (2) misappropriation of trade secrets in violation of the California Uniform Trade Secrets
16 Act ("CUTSA"), Cal. Civ. Code §§ 3426.1 et seq.; (3) violation of the Computer Fraud
17 and Abuse Act, 18 U.S.C. §§ 1030 et seq.; (4) conversion; (5) breach of contract;
18 (6) breach of oral contract; (7) breach of fiduciary duty; (8) tortious interference with
19 prospective economic relations; (9) unfair competition in violation of Cal. Bus. & Prof.
20 Code §§ 17200 et seq.; (10) unjust enrichment; and (11) preliminary injunctive relief.
21 *See generally* Doc. Nos. 1, 208, 269 at 17–18.
22   Third-Party Defendants sought summary judgment, or in the alternative partial
23 summary judgment, on all of the remaining claims against them in DeRosa's Second
24 Amended Counterclaim and Third-Party Complaint ("SAP"), including: (1) aiding and
25 abetting breach of fiduciary duties, not including DeRosa's theory of "usurping a
26 corporate opportunity" ("Claim 6"); (2) fraudulent conveyance ("Claim 7"); (3) unfair
27 business practices ("Claim 11"); and (4) unjust enrichment ("Claim 14"). *See* Doc.
28 Nos. 74, 117, 210, 269 at 3–4, 27.

On March 26, 2024, the Court entered summary judgment as to certain claims but not others, while also denying the parties' *Daubert* motions. *See generally* Doc. No. 269 (the "Summary Judgment Order"). Importantly, the Summary Judgment Order addressed Plaintiffs' asserted damages for trade secret misappropriation under the DTSA and CUTSA, which allow for injunctive relief, actual loss damages, unjust enrichment damages, or reasonable royalties. *Id.* at 21–23. Regarding injunctive relief, the Court denied DeRosa's summary judgment motion on that issue, recognizing that possession of confidential information can support injunctive relief. *Id.* at 22. As for monetary damages, the Court granted DeRosa's motion, finding that Plaintiffs could not recover unjust enrichment damages because they failed to present evidence that DeRosa used the misappropriated trade secrets, which is required to recover such damages. *Id.* at 22–23. Accordingly, the Court found that Plaintiffs' misappropriation claims could not proceed to the extent they seek unjust enrichment damages. *Id.* at 23.

Subsequently, settlement conferences were held, and a pretrial schedule was issued. Doc. Nos. 272–73, 275–79, 281. Pursuant to the operative scheduling order, Motions in Limine are due April 11, 2025; the Final PTC is scheduled for May 7, 2025; and Trial is scheduled for June 10, 2025. Doc. No. 281. Moreover, on February 3, 2025, Third-Party Defendants filed a Notice of Automatic Stay indicating that Third-Party Defendant Mondee, Inc. filed for bankruptcy in the District of Delaware. Doc. No. 282.

On February 14, 2025, DeRosa filed a motion seeking clarification of the Summary Judgment Order. Doc. No. 283.

## II. LEGAL STANDARD

Although no specific Federal Rule of Civil Procedure explicitly governs motions for clarification, courts have recognized and granted such motions when appropriate. *N. Alaska Env't Ctr. v. Haaland*, No. 3:20-CV-00187-SLG, 2023 WL 3661998, at *3 (D. Alaska May 25, 2023). "The general purpose of a motion for clarification is to explain or clarify something ambiguous or vague, not to alter or amend." *Id.* (citing *United States v. All Assets Held at Bank Julius, Baer & Co.*, 315 F. Supp. 3d 90, 99 (D.D.C. 2018)).

Motions for clarification are appropriate when parties "are uncertain about the scope of a ruling" or when the ruling is "reasonably susceptible to differing interpretations." *Id.* (citing *All Assets Held at Bank Julius, Baer & Co.*, 315 F. Supp. 3d at 99–100).

### III. DISCUSSION

As indicated above, Defendant moves for clarification of the Court's Summary Judgment Order. Doc. No. 283. While the Federal Rules of Civil Procedure do not specifically provide for such motions, courts have recognized such motions as appropriate when a prior order contains ambiguity or may reasonably be interpreted in more than one way. *N. Alaska Env't Ctr.*, 2023 WL 3661998, at *3. With these principles in mind, the Court now turns to DeRosa's motion for clarification.

DeRosa seeks clarification that, as a result of the Summary Judgment Order, Plaintiffs are limited to recovering injunctive relief and are barred from seeking monetary damages at trial. Doc. No. 283. Plaintiffs disagree, arguing that the Order does not preclude them from pursuing monetary damages at trial, as the Court only addressed unjust enrichment damages. Doc. No. 286. Third-Party Defendants assert that they are not directly impacted by this issue and appear to raise additional issues that were not addressed in DeRosa's motion for clarification. Doc. No. 285.

**A.   Filings and Summary Judgment Order**

In order to assess whether Plaintiffs are limited to injunctive relief or whether Plaintiffs can seek monetary damages at trial, it is necessary to examine the allegations set forth in the Complaint, the arguments and rulings at summary judgment, and what has transpired since.

With respect to damages, Plaintiffs plead the following relief as to their DTSA claim:

> 72. As a proximate result of Defendant's acts as alleged above, LBF will continue to suffer actual damages in an amount to be proven at trial unless Defendant is enjoined.

73. LBF has no adequate remedy at law for these injuries unless and until Defendant is restrained from using LBF's misappropriated Trade Secrets in the future and ordered to return such information and property to LBF, because calculations of damages will be difficult and LBF will be compelled to bring multiple suits to protect its interest. LBF's damages are not easily quantified but include, and are not limited to, its lost profits and productivity as a result of damage to its reputation, goodwill, disruption of its operations, and time and resources spent investigating Defendant's unlawful conduct, in an amount to be proven at trial.

74. LBF, therefore, is entitled to preliminary and permanent injunctions, as prayed for herein, prohibiting Defendant from further acts of misuse and disclosure of LBF's misappropriated Trade Secrets and ordering Defendant to return such Trade Secrets to LBF immediately.

75. LBF is informed and believe that Defendant's conduct was, and is, malicious, fraudulent, deliberate and willful, as revealed by Defendant's conduct described above. LBF is therefore entitled to recover from Defendant exemplary damages in an amount twice the total of the damages recovered for actual loss as permitted by 18 U.S.C. §1836(b)(3)(C).

76. LBF is entitled to an award of attorneys' fees pursuant to 18 U.S.C. §1836(b)(3)(D)

Doc. No. 1 at ¶¶ 72–76.  Plaintiffs plead virtually identical relief for their CUTSA claim:

82. As a proximate result of Defendant's acts as alleged above, LBF will continue to suffer actual damages in an amount to be proven at trial unless Defendant is enjoined.

83. LBF has no adequate remedy at law for these injuries unless and until Defendant is restrained from using LBF's misappropriated Trade Secrets in the future and ordered to return such information and property to LBF, because calculations of damages will be difficult and LBF will be compelled to bring multiple suits to protect its interest. LBF's damages are not easily quantified but include, and are not limited to, its lost profits and productivity as a result of damage to its reputation, goodwill, disruption of its operations, and time and resources spent investigating Defendant's unlawful conduct, in an amount to be proven at trial.


> 84. LBF, therefore, is entitled to preliminary and permanent injunctions, as prayed for herein, prohibiting Defendant from further acts of misuse and disclosure of LBF's misappropriated Trade Secrets and ordering Defendant to return such Trade Secrets to LBF immediately.
>
> 85. LBF is informed and believe that Defendant's conduct was, and is, malicious, fraudulent, deliberate and willful, as revealed by Defendant's conduct described above. LBF is therefore entitled to recover from Defendant exemplary damages in an amount twice the total of the damages recovered for actual loss as permitted by Cal. Civ. Code § 3426.3.
>
> 86. LBF is entitled to an award of attorneys' fees pursuant to Cal. Civ. Code § 3426.4.

*Id.* ¶¶ 82–86.

DeRosa filed a motion for partial summary judgment as to these two claims, specifically arguing that Plaintiffs had no evidence of damages. DeRosa first maintained that "[t]he Court should dismiss these claims because there is no evidence of misappropriation or damages[.]" Doc. No. 208-1 at 8. He wrote: "**No evidence of damages.** Both the federal and California trade secret statutes also require proof that the defendant's actions damaged the plaintiff—and there is none." *Id.* at 23–24.

DeRosa then preemptively argued regarding what he asserts is Plaintiffs' only evidence of harm in the case, stating:

> The only evidence of harm in this case comes from the Old LBF Parties' lone damages expert, Jacob Anderson. But Anderson's analysis supports DeRosa, not the Old LBF Parties. First, Anderson only attempted to calculate unjust enrichment damages (as he understood Plaintiffs are not seeking damages for actual loss). Second, his unjust enrichment analysis related only to source code, and not any other information DeRosa supposedly wrongfully obtained. And as to that, Anderson calculated the costs to develop the source code, which was "intended to measure the benefit to the defendant from alleged unauthorized use of the trade secrets and confidential information." His theory rests on an unproven premise: that DeRosa used the code. [...] If DeRosa did not use the code, then he did not benefit from possessing that code

because he never would have spent the time he allegedly saved. […] Absent evidence of actual or planned use, there is also no evidence of harm.

*Id.* at 24.

In response to this motion, Plaintiffs addressed DeRosa's damages argument, stating:

> Defendant also seeks to defeat Plaintiffs' DTSA and CUTSA claims by asserting Plaintiffs *suffered no damage*. Under the DTSA and CUTSA, unjust enrichment is an available measure of damages. 18 U.S.C. § 1836(b)(3)(B); Cal. Civ. Code § 3426.3(a). To account for the amount of unjust enrichment, courts routinely recognize avoided development costs as a measure of Defendant's ill-gotten gains. Specifically, this district has recognized avoided development costs as a valid damages theory. […] Plaintiffs retained a software expert to provide an opinion as to the amount of avoided development costs. As such, Plaintiffs have evidence to support its damages theory. […] Plaintiffs' have stated a claim for violation of the DTSA and CUTSA and have evidence supporting trade secret misappropriation as well as damages.

Doc. No. 238 at 14–15 (emphasis added). Notably, Plaintiffs did not cite to any evidence.

In the Summary Judgment Order, the Court addressed DeRosa's damages argument in full:

> d. <u>Damages</u>
>
> The DTSA provides that a court may grant injunctive relief, an award of monetary damages, or both. *See* 18 U.S.C. § 1836(b)(3). It authorizes three separate measures of damages: (1) "damages for actual loss caused by the misappropriation of the trade secret;" (2) "damages for any unjust enrichment caused by the misappropriation of the trade secret that is not addressed in computing damages for actual loss;" or (3) "in lieu of damages measured by any other methods, the damages caused by the misappropriation measured by imposition of liability for a reasonable royalty for the misappropriator's unauthorized disclosure or use of the trade secret." 18 U.S.C. § 1836(b)(3)(B). An award of actual losses and unjust enrichment are permissible as long as

there is no double counting. *See* 18 U.S.C. § 1836(b)(3)(B). CUTSA also authorizes three separate measures of damages: (1) "[a] complainant may recover damages for the actual loss caused by misappropriation;" (2) "[a] complainant also may recover for the unjust enrichment caused by misappropriation that is not taken into account in computing damages for actual loss;" and (3) [i]f neither damages nor unjust enrichment caused by misappropriation are provable, the court may order payment of a reasonable royalty for no longer than the period of time the use could have been prohibited." Cal. Civ. Code § 3426.3(a) & (b). CUTSA also provides that "[i]f willful and malicious misappropriation exists, the court may award exemplary damages in an amount not exceeding twice any award made under subdivision (a) or (b)." *Id.* § 3426.3(c). CUTSA differs from the DTSA on reasonable royalty as a court may order a reasonable royalty only where "neither actual damages to the holder of the trade secret nor unjust enrichment to the user is provable." *Ajaxo Inc. v. E*Trade Fin. Corp.*, 187 Cal. App. 4th 1295, 1308–09 (2010).

Here, neither party addresses the fact that Plaintiffs seek injunctive relief in their Complaint. As stated above, both DTSA and CUTSA allow injunctive relief as a remedy. *See* 18 U.S.C. § 1836(b)(3)(A); Cal. Civ. Code § 3426.2. In addition, Courts have recognized that behavior similar to DeRosa's—where a defendant does not dispute that he possesses confidential information of the plaintiff's—can be evidence of trade secret misappropriation supporting injunctive relief. *See WeRide Corp. v. Kun Huang*, 379 F. Supp. 3d 834, 848 (N.D. Cal. 2019), modified in part, No. 5:18-CV-07233-EJD, 2019 WL 5722620 (N.D. Cal. Nov. 5, 2019); *Henry Schein, Inc. v. Cook*, 191 F. Supp. 3d 1072, 1077 (N.D. Cal. 2016); *Pyro Spectaculars N., Inc. v. Souza*, 861 F. Supp. 2d 1079, 1087 (E.D. Cal. 2012). Therefore, to the extent Plaintiffs seek injunctive relief related to their trade secret misappropriation claims, the Court **DENIES** DeRosa's motion. *See Medimpact Healthcare Sys., Inc. v. IQVIA Inc.*, No. 19CV1865-GPC(DEB), 2022 WL 6281793, at *20 (S.D. Cal. Oct. 7, 2022) (noting that even if the plaintiff's expert was excluded on damages, the plaintiff was still able to seek injunctive relief as a remedy in DTSA and CUTSA action).

***As to other forms of relief***, ***Plaintiffs claim that they have suffered damages through DeRosa's unjust enrichment.*** Doc. No. 238 at 14. Specifically, Plaintiffs argue they have suffered damages from DeRosa's avoided development costs by misappropriating their source code. *Id.* While Plaintiffs are correct that "avoided development costs" are a potential way to calculate a defendant's unjust enrichment, *see Ajaxo Inc.*, 187 Cal. App. 4th at 1305, the Court finds that the evidence provided by Plaintiffs fails as a matter of law. Plaintiffs' retained software expert, Anderson, provides an

opinion as to the amount of DeRosa's alleged avoided development costs. Doc. Nos. 238 at 14; 203-3 at 25. However, the Court agrees with DeRosa that Anderson's opinion is fatally flawed because it assumes DeRosa "used" Plaintiffs' source code. Doc. Nos. 203-3 at 25; 208-1 at 24; *see Ajaxo Inc.*, 187 Cal. App. 4th at 1305 (stating "unjust enrichment might be calculated based upon cost savings or increased productivity resulting from use of the secret) (emphasis added). Plaintiffs do not provide any counter-authority to DeRosa's argument that "use" is required to award unjust enrichment damages, and concede both that they have no evidence regarding "use" and that their theory of misappropriation is only based on improper acquisition. Doc. No. 238 at 13– 14. ***Therefore, the Court finds Plaintiffs have failed to produce any genuine issue of material fact regarding unjust enrichment damages.*** Accordingly, the Court **GRANTS** DeRosa's motion for summary judgment as to Plaintiffs' first and second causes of action to the extent that Plaintiffs seek unjust enrichment damages.

Doc. No. 269 at 21–23 (emphasis added).

**B.    Analysis**

As noted, DeRosa maintains that Plaintiffs only asserted unjust enrichment as a theory of monetary relief at summary judgment, which the Court rejected due to lack of evidence.  Doc. No. 283 at 11–12.  He contends Plaintiffs never raised other damages theories and are now precluded from doing so.  *Id.* at 12–13.  DeRosa further argues that reasonable royalties under DTSA/CUTSA require use of the trade secret, which Plaintiffs admit did not occur.  *Id.* at 13–14 (citing Doc. No. 239 at ¶¶ 70, 72, 76; Doc. No. 233-1 at ¶ 75).  Accordingly, DeRosa seeks clarification on whether Plaintiffs may still pursue monetary damages at trial or are limited to injunctive relief.  *Id.* at 14.

Plaintiffs argue that they are entitled to pursue monetary damages, relying on the fact that elsewhere in the Summary Judgment Order, the Court used different language in its conclusion.  Namely, addressing damages for Plaintiffs' breach of Consulting Services Agreement ("CSA") claim, the Court concluded:

> Because Plaintiffs seek injunctive relief in their Complaint, and because DeRosa expressly consented to injunctive relief in the Consulting Services Agreement,10 *see* Doc. No. 208-5 at 6, the Court **GRANTS** Plaintiffs' motion

as to the Consulting Services Agreement. However, as discussed below in Section III.D.1, ***the Court DENIES Plaintiffs' motion to the extent they seek any other remedy.***

Doc. No. 269 at 17 (emphasis added).  This is in contrast to the Court's summary judgment ruling on the misappropriation claims:

> Therefore, the Court finds Plaintiffs have failed to produce any genuine issue of material fact regarding unjust enrichment damages. Accordingly, the Court **GRANTS** DeRosa's motion for summary judgment as to Plaintiffs' first and second causes of action ***to the extent that Plaintiffs seek unjust enrichment damages***.

Doc. No. 269 at 23 (emphasis added).

Plaintiffs are therefore facially correct that these two conclusion paragraphs differ. However, the Court does not agree that the differences in wording or the phrase "to the extent" support the interpretation Plaintiffs propose.

In their summary judgment motion, Plaintiffs maintained that they satisfied all elements for breach of contract and were entitled to partial summary judgment on their fifth cause of action for breach of the CSA.  Doc. No. 204 at 8–10.  In opposition, DeRosa challenged Plaintiffs' showing of damages, arguing that "Old LBF also fails to identify any damages from DeRosa's failure to return its Confidential Information by November 5, 2012. This is yet another, independent reason why this breach of contract claim fails."  Doc. No. 223 at 8.  In response, Plaintiffs wholly relied on their trade secrets claims' damages; they merely argued, summarily, that they "have stated a valid theory of damages for this breach under" DTSA and CUTSA.  Doc. No. 242 at 6.  Thus, by their own argument, Plaintiffs' damages theories and evidence were the same for both sets of claims.  Significantly, and for this reason, the Court explicitly tied its ruling on the CSA claim to the Court's later discussion of damages related to the trade secret claims.  *See* Doc. Nos. 269 at 17 ("as discussed below in Section III.D.1. . . .").  This undermines Plaintiffs' belief that these holdings provide different relief.

In any event, the Court used different language because at the point the Court discussed damages in connection with the breach of CSA claim, the Court had not yet reached the parties' specific damages arguments related to the trade secret claims—i.e., unjust enrichment. Therefore, because the parties did not properly brief the issue of damages as to the CSA claim, the Court's conclusion was more general in nature and still referenced the more specific analysis to come later in the trade secret claims section.

The Court went on to specifically reject Plaintiffs' trade secrets claims "to the extent that [they] seek unjust enrichment damages" because Plaintiffs only argued they had evidence of unjust enrichment damages when faced with DeRosa's argument that they had no damages at all. Any specificity of unjust enrichment damages in the trade secrets claim section thus was not to narrow DeRosa's relief but was merely due to the Plaintiffs' arguments and evidence on the issue. Put simply, because Plaintiffs put forth no evidence or argument of any other damages than unjust enrichment damages, it appeared to be conceded, and the Court implicitly found, that they had none.

And to the extent Plaintiffs contend now that DeRosa only moved for summary judgment, or challenged, unjust enrichment damages, their position is plainly foreclosed by the record; DeRosa clearly argued that there were no damages at all, not specific to any kind, and merely preemptively addressed the only evidence that he believed to support Plaintiffs' claims for damages, Anderson's Expert Report. Doc. No. 208-1 at 23–24; *see also* Doc. No. 238 at 14 ("[DeRosa] also seeks to defeat Plaintiffs' DTSA and CUTSA claims by asserting Plaintiffs *suffered no damage*. Under the DTSA and CUTSA, unjust enrichment is an available measure of damages." (emphasis added)).

In any event, Footnote 22 is dispositive on this point and patently contradicts Plaintiffs' interpretation of the Court's ruling. At the end of the Summary Judgment Order, in the conclusion and order section, the Court wrote:

> Third-Party Defendants' motion for summary judgment, Doc. No. 210, is **GRANTED in part** and **DENIED in part**. Because there are remaining claims[22] in Plaintiffs' Complaint, Doc. No. 1, against DeRosa, and remaining

claims[] in DeRosa's SAP, Doc. No. 74, against both Plaintiffs and Third-Party Defendants that must proceed to trial, the Court will issue a scheduling order setting forth all relevant pretrial deadlines and hearings in due course.

Doc. No. 269 at 39. Footnote 22 reads:

> As consistent with this Order, **only Claims 1 and 2 to the extent Plaintiffs seek injunctive relief remain against DeRosa**.

*Id.* (emphasis added). Footnote 22 thus confirms that Plaintiffs' only remaining claims against DeRosa are limited to injunctive relief, conclusively resolving any dispute over the scope of damages permitted at trial.

Accordingly, the Court confirms that Plaintiffs are limited to injunctive relief and cannot seek monetary damages at trial in light of the undisputed evidence, or lack thereof, and the summary judgment ruling.

## IV. CONCLUSION

Based upon the foregoing, the Court **AFFIRMS** its tentative ruling and **GRANTS** DeRosa's motion for clarification. On the current record, Plaintiffs are limited to seeking injunctive relief with respect to their trade secret claims at trial. *See* Doc. No. 269 at 38 fn.22.

In light of the discussions at the hearing, the Court finds it appropriate to extend the motion in limine deadline. Accordingly, the Court **RESETS** the motion in limine deadline for **April 25, 2025**. All other dates and deadlines remain as previously set. Doc. No. 281. The parties are encouraged to reach out to Magistrate Judge Steve B. Chu if they are interested in settlement discussions.

**IT IS SO ORDERED**.

Dated: April 11, 2025

HON. MICHAEL M. ANELLO
United States District Judge